Filed 12/20/13  In re K.B. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re K.B. et al., Persons Coming Under the Juvenile Court Law. | |
| SOLANO COUNTY HEALTH & SOCIAL SERVICES, Plaintiff and Respondent, v. C.R., Defendant and Appellant. | A137860 (Solano County Super. Ct. Nos. J41132, J41128, J41129) |

**INTRODUCTION**

C.R. is the mother of five children, three of whom are the subject of this appeal. She maintains the juvenile court erred in denying her Welfare and Institutions Code section 388[1] application to vacate the termination of reunification services based on her enrollment in a residential treatment program.  She also contends, should we reverse the order denying her section 388 application, we should also reverse the order terminating her parental rights.  We affirm.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1

## PROCEDURAL AND FACTUAL BACKGROUND

We set forth only those facts necessary to consideration of the issue on appeal. Solano County Health and Human Services (Department) filed a petition in October 2011, alleging C.R. (Mother) placed her five children at risk of neglect or abuse due to her extensive history of substance abuse, including methamphetamine and barbiturates. The petition also alleged risk of abuse or neglect based on Mother's history of "mental and/or emotional problems and has been diagnosed with Major Depressive Disorder with psychotic symptoms." The petition further alleged Mother attempted to commit suicide in September 2011 while her youngest child was in the home with her. Finally, the petition alleged Mother and the children's father engaged in domestic violence in the presence of the children.

The juvenile court detained the minors, sustained the allegations in the petition, and placed the three minors who are the subject of this appeal with their paternal aunt. The parents were ordered to participate in reunification services.

At the six-month status review hearing in May 2012, the Department recommended termination of reunification services. Mother had been arrested for burglary and possession of paraphernalia in April 2012. She had not been in contact with the Department or her family for the previous two months, nor had she complied with the case plan objectives. Mother had been accepted into Project Aurora, an outpatient substance abuse program, in February 2012 but was "discharged unsuccessfully" in March 2012 "due to non-compliance based on her lack of attendance."

In June 2012, the juvenile court terminated reunification services and set the matter for a section 366.26 hearing. The section 366.26 hearing was ultimately continued until December 12, 2012.

On December 10, 2012, Mother filed a section 388 application seeking to reinstate reunification services based on her enrollment in a residential substance abuse treatment program. The next day, the court denied the application without a hearing on the grounds Mother failed to state new evidence or a change of circumstances.

2

At the section 366.26 hearing on December 12, the court received and considered a letter from Asian American Recovery Services regarding Mother's participation in their program. The court indicated the letter largely confirmed the representations in the section 388 application, and affirmed the earlier ruling denying the petition. The court then terminated parental rights.[2]

## DISCUSSION

Mother maintains the juvenile court abused its discretion in denying her section 388 application for modification without a hearing. The appellate court will not reverse that decision unless the parent establishes the trial court abused its discretion. (*In re Casey D.* (1999) 70 Cal.App.4th 38, 47.)

Section 388 provides, in relevant part, "(a)(1) Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. The petition shall . . . set forth in concise language any change of circumstance or new evidence that is alleged to require the change of order or termination of jurisdiction. [¶] . . . [¶] (d) If it appears that the best interests of the child . . . may be promoted by the proposed change of order . . . the court shall order that a hearing be held and shall give prior notice . . . ." (§ 388, subds. (a), (d).)

"Section 388 permits a parent to petition the court on the basis of a change of circumstances or new evidence for a hearing to change, modify or set aside a previous order in the dependency. The parent bears the burden of showing both a change of

---

[2] Mother's notice of appeal is from both the denial of the section 388 application and the subsequent order terminating parental rights. As noted by the Department, she did not advance any argument in her opening brief as to the order terminating parental rights. We therefore assume she appealed from the termination order only to insure it could be reversed *if* she were to prevail on her challenge to the denial of her section 388 application. Since she has made no arguments in connection with the termination order, she has waived any substantive challenge to it. (See *In re Ricky H.* (1992) 10 Cal.App.4th 552, 562.)

3

circumstance exists and that the proposed change is in the child's best interests." (*In re Casey D.*, *supra*, 70 Cal.App.4th at p. 47.)

"A petition under this section must be liberally construed in favor of its sufficiency. (Cal. Rules of Court, rule [5.570](a).) Thus, if the petition presents any evidence that a hearing would promote the best interests of the child, the court must order the hearing. [Citation.] The court may deny the application ex parte only if the petition fails to state a change of circumstance or new evidence that even might require a change of order or termination of jurisdiction." (*In re Angel B*. (2002) 97 Cal.App.4th 454, 460–461 (*Angel B*.), italics omitted.) However, a "petition which alleges merely changing circumstances and would mean delaying the selection of a permanent home for a child to see if a parent, who has repeatedly failed to reunify with the child, might be able to reunify at some future point, does not promote stability for the child or the child's best interests. [Citation.] ' "[C]hildhood does not wait for the parent to become adequate." ' [Citation.]" (*In re Casey D*., *supra*, 70 Cal.App.4th at p. 47.)

In her December 10, 2012 section 388 application, Mother sought to vacate the orders terminating reunification services and setting a hearing pursuant to section 366.26. She alleged she "has been successfully participating in a residential treatment program, Asian Recovery Services, . . . CA since 9/14/12. She regularly participates in substance abuse treatment, maintains sobriety as verified through testing, attends anger management and parenting classes." Mother "meets with her psychiatrist weekly and follows her doctor's medical recommendations. She also regularly meets with her counselors regarding safe coping skills, expressive arts, and management of behaviors related to issues that led to the intervention of the Department . . . . [Mother's] anticipated completion date is 3/14/13." She further alleged "[t]he children know and recognize [Mother] as their mother and are bonded to her. As she has addressed the issues that led to court intervention, it is in the children's best interest to reunify with their mother now that the underlying issues have been addressed." Mother also submitted a letter from Asian American Recovery Services, which stated Mother entered their program on September 14, 2013 and was in "Phase I, Orientation, of our three Phase

4

program.  In regards to her treatment, [Mother] has had some difficulty adjusting and . . . this struggle is a normal part of the process and a great opportunity for learning.  She is responding to treatment and is mak[ing] good progress engaging in her treatment."

The court's analysis in *Angel B*. is instructive.  (*Angel B*., *supra*, 97 Cal.App.4th 454.)  There, the mother sought to change prior orders to reinstate reunification services and grant her supervised custody of the minor.  (*Id*. at p. 459.)  The mother alleged the following change in circumstances:  she had "enrolled in a residential drug treatment program, consistently tested clean for four months, completed various classes, and even obtained employment.  She had regular visits with [the minor], which went well."  (*Ibid*.) The court held the mother had failed to make a prima facie showing entitling her to a hearing on her section 388 application.  (*Angel B*., at p. 462.)  It explained "there was no evidence that Mother was ready to assume custody of [the minor] or provide suitable care for her; while she had completed the drug program, the time she had been sober was very brief compared to her many years of drug addition . . . .  Nor was there evidence that she had a housing situation suitable for [the minor]."  (*Id*. at p. 463.)

Mother's section 388 application failed to demonstrate even the level of changed circumstances present in *Angel B*.  Mother only enrolled in a residential substance abuse program after having reunification services terminated and being arrested.  She had been in the program for only three months, was still in the "orientation" stage, and was having difficulty adjusting.  Mother was not scheduled to complete the residential program until March 2013.  She had not visited regularly with the minors prior to enrolling in the substance abuse program, and was not doing so while in the program because she was still in the "blackout period" in which she was not allowed to speak with family.  There was no evidence she had suitable housing or was ready to assume custody of the minors.

Mother also failed to allege any reason why, at this stage of the dependency proceedings, the proposed change was in the minors' best interests.  While Mother's participation in substance abuse treatment is laudable, it is not sufficient to state a prima facie showing entitling her to a hearing.

**DISPOSITION**

The orders from which Mother appeals are affirmed.

_____
Banke, J.

We concur:

_____
Dondero, Acting P. J.

_____
Becton, J.[*]

---

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.